UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER McGORMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>F. MARTINEZ, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00202-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 12) |

    Plaintiff Christopher McGorman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 22, 2012.  Local Rule 302.

    On January 24, 2014, the Court screened Plaintiff's complaint and ordered Plaintiff to either file an amended complaint or notification of willingness to proceed on the claims found to be cognizable, within thirty days from the date of service.  (ECF No. 12.)  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.  As a result, there is no pleading on file which sets forth the claims upon which this action can proceed.  Plaintiff was warned that dismissal would occur if he failed to obey the order.  (ECF No. 12, at 6:16-17.)

    The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court

must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **March 14, 2014**

UNITED STATES MAGISTRATE JUDGE